UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES R. FOUSHEE, | ) | CASE NO. 3:05 CV 7357 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| D. WIGGINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff James R. Foushee, an inmate at the Allen Correctional Institution ("ACI"), filed a "Motion for Temporary Restraining Order Pursuant to FED R. CIV. P. 65(b)" on December 23, 2005. (Docket no. 6). Mr. Foushee contends that the defendants will retaliate against him by denying him access to the prison law library and limiting the number of photocopies he can make. For the following reasons, the Motion is **denied**.

Mr. Foushee brought the action pursuant to 42 U.S.C. § 1983 against former ACI Dentist D. Wiggins, former ACI Dentist K. Wiggins, and former ACI Dentist Dr. Norton. He claimed in the complaint these dentists denied him appropriate dental care. He indicated that Drs. D. Wiggins and K. Wiggins left ACI in 2001. It appears Dr. Norton left ACI in 2004. In his Motion for Temporary Restraining Order, Mr. Foushee alleges that "irreparable injury [will be caused] as a

result of defendants' actions or inactions against plaintiff in the form of retaliatory response to this complaint by denying plaintiff access to the courts by limiting the number of copies obtainable in a timely manner, and unreasonable overcrowding in [the] institution. Overcrowding has a direct effect of limiting the number of inmates who can access the law library at any given time, per institution rules." (Mot. TRO at 1.) He states that on December 15, 2005 ACI library staff denied his request to make copies of the within motion. Mr. Foushee does not specify from what, if anything, he would like these defendants to be restrained.

**I. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant certifies to the court in writing the efforts, if any, which have been made to give notice to the adverse party and the reasons supporting the claim that notice should not be required. FED. CIV. P. 65(b). If the Motion is granted, the temporary restraining order shall expire in no more than 10 days, and a motion for a preliminary injunction shall be set for the earliest possible time. FED. CIV. P. 65(b). The temporary restraining order should be limited to preserving the status quo only for so long as is necessary to hold a hearing. First Technology Safety Systems, Inc. v. Depinet, 11 F.3d 641, 650 (6th Cir. 1993). Moreover, every order granting a preliminary injunction and every restraining order is binding only on the parties to the action, their agents or employees, and those persons in active concert with them who receive notice of the order. FED. CIV. P. 65(d).

**II. ANALYSIS OF CLAIMS**

As an initial matter, while it is not clear whom Mr. Foushee seeks to restrain, it is evident on the face of the motion that he is not asking the court to enjoin any of the defendants in this action. He refers to a prison policy limiting the number of inmates permitted in the law library at one time, and claims overcrowded prison conditions increase the demand for use of the law library. He further states that the law library has placed a limit on the number of copies on inmate can receive "in a timely manner." (Mot. TRO at1.) The defendants in this case are three former ACI dentists who have no apparent connection to any of these allegations. Mr. Foushee fails to suggest that the defendants or any unidentified individual actively engaged on their behalf is responsible for the conditions set forth in the motion.

Furthermore, even if Mr. Foushee had reasonably connected the actions set forth in the motion to the defendants, he has failed to demonstrate how any of these actions would cause him irreparable harm. Mr. Foushee alleges in general terms the nature of the prison's policy and concludes, without explanation, that it will cause irreparable harm to him. The only support he provides for his assertion is that he was limited in the number of copies of the within Motion he could make at one time. As that Motion was filed and is currently before the court, any inconvenience caused by the action did not result in immediate and irreparable damage to Mr. Foushee.

Finally, it appears that Mr. Foushee is utilizing the Motion for Temporary Restraining Order as a means of adding new claims and possibly new defendants to this action. There is no indication, however, that he exhausted his administrative remedies with respect to each of the allegations in the Motion. A prisoner must allege and show that he has exhausted all available

3

administrative remedies before filing a claim in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; <u>Wyatt v. Leonard</u>, 193 F.3d 876, 878 (6th Cir. 1999); <u>Brown v. Toombs</u>, 139 F.3d 1102, 1104 (6th Cir. 1988), <u>cert. denied</u>, 525 U.S. 833 (1998). He must exhaust each specific claim against each defendant named in the complaint, including claims added in an amended pleading, to satisfy the exhaustion requirement. <u>See</u> <u>Curry v. Scott</u>, 249 F.3d 493, 504-05 (6th Cir. 2001). Mr. Foushee cannot assert new allegations against new defendants in a Motion for Temporary Restraining Order to avoid the mandates of exhaustion of administrative remedies pursuant to § 1997e.

### III. CONCLUSION

For the foregoing reasons, the court denies Mr. Foushee's "Motion for Temporary Restraining Order Pursuant to FED R. CIV. P. 65(b)." (Docket no. 6)

**IT IS SO ORDERED.**

                                            **S/ JAMES G. CARR**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**