IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James R. Foushee,                                                            Case No. 3:05CV7357

          Plaintiff,

    v.                                                                                       ORDER

D. Wiggins D.D.S., K. Wiggins D.D.S., and
Dr. Norton D.D.S.,

          Defendants.

James R. Foushee, pro se, brought a 42 U.S.C. § 1983 prisoner civil rights suit claiming cruel and unusual punishment by the defendants, dentists at the Allen Correctional Institution (ACI).

Jurisdiction exists pursuant to 28 U.S.C. § 1331.

Pending is the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the following reasons, this motion shall be granted.

### Background

Mr. Foushee is currently an inmate in ACI. His complaint arises out of a series of twenty-one visits to ACI's staff dentists between 1999 and January of 2005.  During these visits, he received dental treatments such as fillings, replacement fillings, a crown, repairs to fillings, repairs to cracked teeth, an x-ray, and two pulled teeth.

Dr. D. Wiggins and Dr. K. Wiggins, working as a team, saw Mr. Foushee on four occasions in 2000. Dr. Norton, replacing Dr. D. and Dr. K. Wiggins, saw Mr. Foushee on fourteen occasions between Sept. 14, 2001, and April 27, 2004. Dr. Walker, replacing Dr. Norton, saw Mr. Foushee on three occasions between Aug. 26, 2004, and Jan. 28, 2005.

Mr. Foushee's complaint alleges he was subjected to cruel and unusual punishment in violation of the Eighth Amendment due to the delay and the inadequacy of dental treatments he received while incarcerated.

During their time at ACI, Dr. D. Wiggins and Dr. K. Wiggins completed Mr. Foushee's fillings with defective material which subsequently fell out. The fillings have since been repaired or replaced.

An unnamed ACI dentist determined in 1999 that one of Mr. Foushee's molars had a small cavity. Dr. Norton filled this molar on an unstated date in 2002.

Mr. Foushee damaged two of his teeth in the ACI cafeteria after biting down on a rock contained in his food. The cafeteria incident occurred on January 5, 2004. Dr. Walker repaired one tooth on September 2, 2004. The complaint does not state when, or if, the other tooth was repaired.

Dr. Walker also determined that a tooth, previously crowned by Dr. Norton, needed to be pulled due to a cavity under the crown. Mr. Foushee claims that had Dr. Norton x-rayed the tooth, this oversight would have been caught.

## Discussion

Mr. Foushee argues that the inadequacy and delay of the medical treatments he received from the ACI dentists sufficiently states a cause of action for cruel and unusual punishment under 42 U.S.C. § 1983. As a pro se claim, this action may only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of a claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The defendants argue that the inadequacy and delay of medical treatments in this case do not sufficiently state a cause of action under 42 U.S.C. § 1983.[1]

To establish a cause of action, Mr. Foushee must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. "It is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment." *Id*. "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eight Amendment." *Id*.

To determine if the defendants have been deliberately indifferent to serious medical needs, the Supreme Court has applied both an objective and a subjective component to the test. *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Objectively, "was the deprivation sufficiently serious" and subjectively, "did the officials act with a sufficiently culpable state of mind?" *Id*.

Concerning the objective component, Mr. Foushee's dental treatments were not of an emergency nature and did not require "immediate medical attention." *Caldwell*, 968 F.2d at 602. Therefore, no serious deprivation of medical treatment occurred.

The complaint also fails to allege any facts which would show the defendants had a sufficiently culpable state of mind. ACI dentists tend to the dental care of every prisoner and not just Mr. Foushee. Emergency cases receive scheduling priority. With no

---

[1] The defendants also argue that if this does state a cause of action under 42 U.S.C. § 1983, then the law entitles them to immunity as state officers, and to qualified immunity in their individual capacity. I do not reach the issue of immunity because I grant the motion to dismiss, in favor of the defendants, on other grounds.

emergency pending, dentists assign priority on a first-come, first-serve basis according to the time of request. Given the volume of inmates and the mere twelve hours per week the dental clinic is open, such a system is necessary. Mr. Foushee visited the dentist twenty-one times in five years. His delay in treatment arose out of issues of priority and availability. Such delay fails to show deliberate indifference to Mr. Foushee's serious medical needs.

The behavior Mr. Foushee complains of fails to rise to the level of deliberate indifference to serious medical needs; his status as a prisoner does not convert a negligence case into a constitutional issue. *Estelle*, 429 U.S. at 106. The adequacy and delay of medical treatments here do not sufficiently state a cause of action within the jurisdiction of this court.

Therefore, Mr. Foushee fails to state a claim for which relief can be granted.

## Conclusion

For the foregoing reasons, it is therefore,

ORDERED THAT defendant's motion to dismiss be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge